# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ANTONE LAMANDINGO KNOX, )
)
Petitioner, )
)
v. ) **Case No. CIV 19-050-RAW-KEW**
)
TOMMY SHARP, Warden, )
)
Respondent. )

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus

filed pursuant to 28 U.S.C. § 2241 (Dkt. 1). Petitioner is a pro se state prisoner in the

custody of the Oklahoma Department of Corrections who currently is incarcerated at

Oklahoma State Penitentiary in McAlester, Oklahoma. He alleges he was wrongfully

convicted of making a false complaint pursuant to the Prison Rape Elimination Act, and he

is being illegally restrained. A § 2241 habeas corpus petition attacks the execution of a

sentence rather than its validity. *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000).

Petitioner, however, does not claim his conviction resulted in a loss of earned credits.

Further, he has failed to provide any details, arguments, or authority demonstrating how the

administration of his prison sentence is violating his constitutional rights.

Respondent alleges in his response to the petition that Petitioner has not exhausted the

state court remedies for his claim (Dkt. 26). "A threshold question that must be addressed

in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th

Cir. 1994).  The Court must dismiss a state prisoner's habeas petition if he has not exhausted

the available state court remedies as to his federal claims.  *See Coleman v. Thompson*, 501

U.S. 722, 731 (1991).  In federal habeas corpus actions, the petitioner bears the burden of

showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b).  "A

habeas petitioner is generally required to exhaust state remedies whether his action is brought

under § 2241 or § 2254."  *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing

*Coleman v. Thompson*, 501 U.S. 722, 731)).

Respondent alleges that on August 26, 2018, Petitioner filed a petition for a writ of

habeas corpus pertaining to the issues in this habeas action in Oklahoma County District

Court Case No. CV-2018-1703.  According to the Oklahoma State Courts Network at

www.oscn.net, this mandamus action was dismissed on May 9, 2019, for Petitioner's failure

to respond to Respondents' motion to dismiss.[1]  On May 21, 2019, Petitioner filed a notice

of appeal to the Oklahoma Court of Criminal Appeals in Case No. REC-2019-388.  As of the

entry of this Opinion and Order, the Court of Criminal Appeals has not issued a ruling.

Therefore, the Court finds Petitioner has not exhausted his state court remedies.

The Court further finds Petitioner has failed to make a "substantial showing of the

denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2).  In addition, he has

not shown "at least, that jurists of reason would find it debatable whether the petition states

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net.  *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus (Dkt. 1) is DISMISSED WITHOUT PREJUDICE, and Petitioner is DENIED a certificate of appealability. All remaining pending motions are DENIED as moot.

**IT IS SO ORDERED** this 13th day of March 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma